IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAVE STRAWBERRY CANYON,     No C 10-0797 VRW

    Plaintiff,     ORDER

    v

STEVEN CHU, Secretary of the United States Department of Energy; AUNDRA RICHARDS, Site Office Manager, United States Department of Energy Berkeley Site Office; and UNITED STATES DEPARTMENT OF ENERGY, a federal agency; PAUL ALIVISATOS, Director of Lawrence Berkeley National Laboratory; and LAWRENCE BERKELEY NATIONAL LABORATORY, a federal national laboratory,

    Defendants.
_____/

Save Strawberry Canyon, a California non-profit corporation organized to protect, among other things, the Strawberry Creek watershed, seeks declaratory and injunctive relief against the United States Department of Energy ("DOE") and the Lawrence Berkeley National Laboratory ("LBNL") for failure to comply with the National Environmental Policy Act ("NEPA"), 42 USC § 4321 et seq, and the Administrative Procedure Act ("APA"), 5 USC

§§ 701-706. Doc #1. Save Strawberry Canyon argues that DOE erred when it did not prepare an environmental impact statement ("EIS") pursuant to 42 USC § 4332(2)(C) for LBNL's proposed Berkeley Lab Laser Accelerator ("BELLA"). Id. On June 17, 2010, Save Strawberry Canyon filed a first amended complaint, and LBNL and its Director, Paul Alivisatos, were dismissed as defendants. Doc #19. DOE, its Director Steven Chu and its Berkeley site office manager Aundra Richards move for summary judgment on all claims against them. Doc #31. Save Strawberry Canyon cross-moves for summary judgment. Doc #30. The court heard both motions on December 9, 2010.

I

BELLA is part of DOE's high energy physics program at the LBNL. AR 7 at 0068. BELLA is an "experimental facility for further advancing the development of laser-driven, plasma-based, particle beam accelerators." Id. DOE prepared an environmental assessment ("EA") of BELLA and, upon conclusion of the notice and comment period, on September 4, 2009 released a finding of no significant impact ("FONSI") and determined that an EIS was not necessary. AR 7 at 0067.

BELLA consists of a laser, laser plasma accelerator, ancillary equipment and radiation shielding. AR 7 at 0068. The laser will produce an electron beam pulse up to 10 giga electron-volts (GeV) inside a plasma channel in the one meter long laser plasma accelerator. Id at 0081. BELLA is to be housed within Building 71 of the LBNL in Blackberry Canyon in Berkeley, California.

## II

Under FRCP 56, the court may grant summary judgment if there is no genuine dispute about material facts and the moving party is entitled to judgment as a matter of law. The burden of establishing that there is no genuine dispute as to any material fact lies with the moving party. Celotex Corp v Catrett, 477 US 317, 322-23 (1986). Where the nonmoving party bears the ultimate burden of proof, the moving party may meet its burden by pointing to the absence of evidence to support the nonmoving party's case. Id at 325. Once the moving party has met its burden, either by presenting sufficient evidence to entitle it to a directed verdict at trial or by demonstrating the lack of evidence for the nonmoving party's case, FRCP 56(c) shifts to the nonmoving party the burden of presenting specific facts showing a genuine dispute for trial. British Airways Bd v Boeing Co, 585 F2d 946, 950-52 (9th Cir 1978). The court determines whether reasonable minds could differ over the import of the evidence after all inferences are drawn in favor of the nonmoving party. Eisenberg v Insurance Co of North America, 815 F2d 1285, 1288-1289 (9th Cir 1987).

Here, both parties seek summary judgment to resolve whether DOE fulfilled its obligations under NEPA. The statute requires an agency considering a federal action "significantly affecting the quality of the human environment" to prepare an EIS. 42 USC § 4332(2)(C). An EIS is not required where the agency prepares an EA pursuant to 40 CFR § 1508.9 and, based on the EA and any comments it receives, concludes that a FONSI pursuant to 40 CFR § 1508.13 is appropriate. 40 CFR § 1501.4(e). NEPA requires that agencies take a "hard look" at potential environmental

3

1 consequences. Kern v United States Bureau of Land Management, 284
2 F3d 1062, 1066 (9th Cir 2002). An agency considering whether an
3 action has a "significant" impact looks to "the degree to which the
4 effects on the quality of the human environment are likely to be
5 highly controversial" and the "degree to which the possible effects
6 on the human environment are highly uncertain or involve unique or
7 unknown risks." Humane Society of the United States v Locke, ---
8 F3d ----, 2010 WL 4723195, *11 (9th Cir Nov 23, 2010) (citing 40
9 CFR § 1508.27(b)(4)-(5)). "The term controversial refers to cases
10 where a substantial dispute exists as to the size, nature, or
11 effect of the major federal action rather than to the existence of
12 opposition to a use," and a "substantial dispute exists when
13 evidence casts serious doubt upon the reasonableness of an agency's
14 conclusions." Id (quotations omitted).

15 The court reviews under the APA an agency's determination
16 that an EIS is not required and may only set aside that
17 determination if it is "arbitrary, capricious, an abuse of
18 discretion, or otherwise not in accordance with law." 5 USC §
19 706(2)(A); Pit River Tribe v United States Forest Service, 469 F3d
20 768, 778 (9th Cir 2006) (explaining that NEPA determinations are
21 reviewed under the APA standard articulated in 5 USC § 706(2)(A)).
22 An agency's decision is arbitrary or capricious "if the agency
23 relied on factors Congress did not intend it to consider, entirely
24 failed to consider an important aspect of the problem, or offered
25 an explanation that runs counter to the evidence before the agency
26 or is so implausible that it could not be ascribed to a difference
27 in view or the product of agency expertise." The Lands Council v
28 McNair, 537 F3d 981, 987 (9th Cir 2008) (en banc) (quotations

United States District Court
For the Northern District of California

omitted) (overruled on other grounds by <u>Winter v National Resources Defense Council</u>, 555 US ---, 129 SCt 365 (2008)).

### III

Save Strawberry Canyon moves for summary judgment based on the following objections to the EA and DOE's decision not to prepare an EIS: (1) the EA fails to address potentially significant radiation and hazardous waste impacts; (2) the EA does not consider offsite alternatives; (3) the EA fails to respond to comments; (4) the EA's project description is inadequate; (5) the EA defers formulation of mitigation measures; (6) the EA improperly incorporates documents by reference. Doc #30. DOE moves for summary judgment on the grounds that it was not required to prepare an EIS and that the EA is procedurally adequate. Doc #31. Because both motions focus on the adequacy of the EA and whether the FONSI determination was appropriate, the court discusses the motions together.

### A

The court first considers whether DOE was required to prepare an EIS for the BELLA project. An EIS is necessary for major federal actions that "significantly affect[] the quality of the human environment." 42 USC § 4332(2)(C). The agency looks to 40 CFR § 1508.27 to determine whether an action is significant:

> Significantly as used in NEPA requires considerations of both context and intensity * * * (a) Context * * * means that the significance of an action must be analyzed in several contexts such as society as a whole (human, national), the affected region, the affected interests, and the locality. Significance varies with the setting of the proposed action.

5

> \* \* \* (b) Intensity \* \* \* refers to the severity of impact. \* \* \* The following should be considered in evaluating intensity: (1) Impacts that may be both beneficial and adverse. \* \* \* (2) The degree to which the proposed action affects public health or safety.  (3) Unique characteristics of the geographic area such as proximity to historic or cultural resources, park lands, prime farmlands, wetlands, wild and scenic rivers, or ecologically critical areas.  (4) The degree to which the effects on the quality of the human environment are likely to be highly controversial.  (5) The degree to which the possible effects on the human environment are highly uncertain or involve unique or unknown risks.  (6) The degree to which the action may establish a precedent for future actions with significant effects or represents a decision in principle about a future consideration. (7) Whether the action is related to other actions with individually insignificant but cumulatively significant impacts. \* \* \* (8) The degree to which the action may adversely affect districts, sites, highways, structures, or objects listed in or eligible for listing in the National Register of Historic Places or may cause loss or destruction of significant scientific, cultural, or historical resources. (9) The degree to which the action may adversely affect an endangered or threatened species or its habitat that has been determined to be critical under the Endangered Species Act of 1973.  (10) Whether the action threatens a violation of Federal, State, or local law or requirements imposed for the protection of the environment.

Here, DOE explained in the FONSI its reasoning for finding that BELLA did not require an EIS.  AR 7 at 0069.  The FONSI references the EA and makes clear that BELLA, which will be housed in an existing structure, will not require significant construction and will result in clean up of contamination from earlier projects in Building 71.  Id.

The EA explains in detail the steps taken by DOE to ensure any radiation from BELLA would be contained within Building 71.  For example, the walls in the experimental cave are to be constructed with 3 feet of concrete, 16 inches of lead, 36 inches of steel and 6 additional feet of concrete to absorb any radiation from the laser.  Id at 0104.  Save Strawberry Canyon argues the EA fails to explain steps taken to prevent accidental release of

6

radiation in the event of an earthquake, mudslide or fire, Doc #30 at 13, but DOE counters that the laser cannot operate during an accidental event, eliminating the apparent basis for Save Strawberry Canyon's criticism, Doc #33 at 12-13.

At the December 9, 2010 hearing, Save Strawberry Canyon argued that DOE had eliminated from the EA reference to two active faults on the Building 71 property. See DOE00572-00573. DOE explained, however, that the draft referencing "active" faults was incorrect and that the faults on the property are properly classified as inactive. Save Strawberry Canyon puts forth no evidence to show that the faults are in fact active or that DOE hid the existence of inactive faults with an intent to deceive the public.

Moreover, DOE explained at the hearing that seismic activity poses no threat of radiation release, because BELLA cannot operate if its components are not precisely aligned. BELLA cannot produce radiation exceeding regulatory limits outside the experimental cave when properly aligned and cannot produce radiation if not aligned. Doc #33 at 13-14. DOE examined the consequences of an accident and determined that the accelerator would have to be active for "over 75 hours for a worker and over 5,455 hours for a member of the public" to be exposed to radiation exceeding the regulatory limit, which allows more than sufficient time to shut down operations before overexposure could occur. Id at 14 (citing AR31).

DOE's conclusion that no significant impacts will flow from BELLA is supported by the administrative record. The EA addresses steps taken to secure the facility from accidental or

7

intentional radiation release. AR7 at 0103-0105. The EA also discusses other potential environmental impacts and finds that they are not significant. AR7 at 0127-0140. The EA explains the procedure for identifying and disposing of potentially hazardous soil or other material already on the Building 71 site. AR7 at 0107-0108, 0132. DOE adequately responded to comments it received, including comments from Save Strawberry Canyon regarding discussion of potential environmental impacts. AR7 at 0237-0273.

Save Strawberry Canyon argues that DOE's treatment of its concerns are insufficient because they are cursory. Doc #30. Save Strawberry Canyon does not, however, explain why DOE's explanations are arbitrary or capricious. While Save Strawberry Canyon may have desired additional information, it has presented nothing to suggest that the additional information would have resulted in the need for DOE to prepare an EIS. The court cannot conclude based on the record before it that DOE's decision not to prepare an EIS was arbitrary, capricious or otherwise contrary to the APA.

B

The court now turns to arguments regarding the adequacy of the EA under NEPA. Save Strawberry Canyon argues that the EA is not adequate because it does not consider offsite alternatives. Doc #30 at 21. The EA explains however that it considered and rejected several other locations within the LBNL facility and rejected offsite locations because "vacant accelerator facilities in the area are uncommon." AR7 at 0096-0097. Save Strawberry Canyon does not explain why this discussion is inadequate other than by arguing that DOE should have addressed more thoroughly why

8

offsite locations could not be used. Doc #30 at 21-22. Because the record does not suggest that DOE's discussion of offsite locations arbitrarily failed to consider other potential locations, Save Strawberry Canyon's argument fails.

Save Strawberry Canyon asserts that DOE failed to address public comments. Doc #30 at 22-23. Specifically, Save Strawberry Canyon objects that, in response to the comment "even very low doses of radiation pose a risk of cancer or other health problems and there is no threshold below which exposure can be viewed as harmless," DOE relies on radiation compliance thresholds established by DOE regulations and orders. Id. Save Strawberry Canyon does not explain why DOE's reliance on regulatory thresholds is arbitrary or capricious. Because reliance on the thresholds appears reasonable, the court rejects Save Strawberry Canyon's argument on this point.

Save Strawberry Canyon argues that the EA's project description is inadequate because changes were made in the design following the release of the FONSI and final approval. Doc #30 at 23; see AR1 for modifications. The modifications as described, however, do not appear to alter the project in any significant way, and Save Strawberry Canyon does not explain why the modifications would have required DOE to prepare an EIS. AR1. Moreover, Save Strawberry Canyon cites no authority for the proposition that DOE was required to provide a floorplan in the EA. Doc #30 at 23. Accordingly, the court concludes that the project description in the EA was not inadequate.

According to Save Strawberry Canyon, DOE's decision to wait to prepare a safety analysis document ("SAD") and an

1 accelerator safety envelope ("ASE") amounts to an improper deferral
2 of mitigation measures. Doc #30 at 23-24. DOE responds that the
3 EA adequately describes environmental safety measures that will be
4 used and that the SAD and ASE are not mitigation measures. Doc #31
5 at 31. The EA description of environmental mitigation measures is
6 thorough and does not appear to be arbitrary or capricious, and
7 Save Strawberry Canyon has not shown that the SAD and ASE were
8 required as part of DOE's discussion of environmental mitigation.
9 Accordingly, the court rejects Save Strawberry Canyon's objection.

10 Finally, Save Strawberry Canyon argues the EA improperly
11 incorporates documents by reference. The court has reviewed the
12 EA, however, and concludes that it does not incorporate any
13 document by reference or otherwise explicitly adopt an earlier
14 version of a document. See generally 40 CFR § 1502.21; 40 CFR §
15 1508.13 (explaining that a FONSI may incorporate an EA by
16 reference). The EA contains citations to other documents but does
17 not explicitly incorporate any prior reports or documents. See AR
18 7. Save Strawberry Canyon does not point to a rule prohibiting DOE
19 from citing to materials in an EA; accordingly, Save Strawberry
20 Canyon's objection on this ground lacks merit.

21 The record before the court shows that the EA prepared by
22 DOE adequately withstands review under the APA. None of Save
23 Strawberry Canyon's arguments to the contrary is sufficient to
24 overcome the deference the court must afford to DOE's
25 determinations.
26 \\
27 \\
28 \\

IV

For the reasons explained above, the court concludes that DOE's preparation of the EA for BELLA was neither arbitrary nor capricious. Accordingly, DOE's motion for summary judgment that it satisfied NEPA's requirements, Doc #31, is GRANTED. Save Strawberry Canyon's motion for summary judgment that DOE failed to comply with NEPA, Doc #30 is DENIED. The clerk is DIRECTED to enter judgment in favor of defendants, terminate all motions and close the file.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge